FORM OBD-34
APR-91

No.06- 34 - DLB

# UNITED STATES DISTRICT COURT
*Eastern District of Kentucky*

## COVINGTON *DIVISION*

## THE UNITED STATES OF AMERICA

vs

### *DAMON SMITH*
### *aka DAMON EVANS*

## INDICTMENT

**18 U.S.C. § 1951 - Interference with interstate commerce by robbery - 1 count**
**18 U.S.C. § 924(c)(1)(A)(ii) - Use of a firearm during and in relation to crime of violence - 1 count**
**18 U.S.C. § 922(g)(1) - Convicted felon in possession of firearm - 1 count**
**18 U.S.C. § 924(d)(1) - Forfeiture of firearm - 1 count**

*A true bill.*

_____
*Foreman*

*Filed in open court this 10th day of May, A.D. 2006*

MAY 10 2006

Bail, $ _____

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT Eastern District of Kentucky
EASTERN DISTRICT OF KENTUCKY   **FILED**
COVINGTON

MAY 1 0 2006

**UNITED STATES OF AMERICA**

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

V.                                         INDICTMENT NO. 06-34-DLB

**DAMON SMITH,**
    **aka DAMON EVANS**

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

## COUNT 1
## 18 U.S.C. § 1951

1.      At all times material to this Indictment, the Liquor Kwik store, located at 430 Bakewell Street, Covington, Kentucky, was a business engaged in the retail sales of alcohol and other articles and commodities in interstate commerce, an industry which affects interstate commerce.

2.      On or about December 7, 2005, in Kenton County, in the Eastern District of Kentucky,

**DAMON SMITH,**
**aka DAMON EVANS,**

did unlawfully obstruct, delay, and affect commerce and the movement of articles and commodities in such commerce, by robbery, in that he did unlawfully take and obtain property of the business consisting of approximately $1,885.00 in United States currency from the person and presence of an employee of the Liquor Kwik store, against their will

by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee, all in violation of 18 U.S.C. § 1951.

## COUNT 2
## 18 U.S.C. § 924(c)(1)

On or about December 7, 2005, in Kenton County, in the Eastern District of Kentucky,

**DAMON SMITH,**
**aka DAMON EVANS,**

during and in relation to the crime of violence set out in Count 1 of this Indictment, for which he may be prosecuted in a court of the United States, did knowingly use, carry, and brandish a firearm, that is, a handgun, all in violation of 18 U.S.C. § 924(c)(1).

## COUNT 3
## 18 U.S.C. § 922(g)(1)
## 18 U.S.C. § 924(e)(1)

On or about December 7, 2005, in Kenton County, in the Eastern District of Kentucky,

**DAMON SMITH,**
**aka DAMON EVANS,**

having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce a firearm, that is, a Raven MP25, .25 caliber pistol, all in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).

2

## COUNT 4
## 18 U.S.C. § 924(d)(1)
## 28 U.S.C. § 2461

By virtue of the commission of the felony offenses charged in Counts 2 and 3 of this Indictment, any and all interest **DAMON SMITH, aka DAMON EVANS,** has in a Raven MP25, .25 caliber pistol, serial number 1840736, is vested in the United States and hereby forfeited to the United States pursuant to 18 U.S.C. §§ 924(c)(1), 922(g)(1), and 924(d)(1), and 28 U.S.C. § 2461.

**A TRUE BILL**

_____
**FOREPERSON**

_____
**AMUL R. THAPAR**
**UNITED STATES ATTORNEY**

3

## PENALTIES

**COUNT 1:** Not more than 20 years imprisonment, a fine of not more than $250,000, and supervised release of not more than 3 years.

**COUNT 2:** Mandatory 5 years imprisonment if the firearm is used or carried, 7 years if the firearm is brandished, and 10 years if the firearm is discharged, consecutive to any other sentences, not more than $250,000 fine, and not more than 5 years supervised release.

**Second and subsequent offenses:** Mandatory 25 years imprisonment for each offense, consecutive to any other sentence imposed and to each other, not more than $250,000 fine, and not more than 5 years supervised release.

**COUNT 3:** Not more than 10 years imprisonment, not more than $250,000 fine, and not more than 3 years supervised release.

**If an Armed Career Criminal pursuant to the provisions of 18 U.S.C. § 924(e)(1),** not less than 15 years imprisonment, not more than $250,000 fine, and not more than 5 years supervised release.

**COUNT 4:** Forfeiture of listed property.

**PLUS:** Mandatory special assessment of $100 per felony count.

**PLUS:** Restitution.

4